CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 5 2008

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EARL THOMAS, III,<br>　　Petitioner, | )<br>)　Civil Action No. 7:07CV00248<br>) |
| v. | )　**MEMORANDUM OPINION**<br>) |
| GENE M. JOHNSON,<br>　　Respondent. | )　By: Hon. Glen E. Conrad<br>)　United States District Judge |

Earl Thomas, III, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Thomas challenges the validity of his convictions in the Circuit Court for the County of Albemarle. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## Background

On December 2, 2002, Thomas was indicted by a grand jury in the County of Albemarle for the robbery of Ann Murray on April 19, 2002. Thomas was also charged with using, attempting to use, or displaying a firearm during the commission of the robbery, in violation of Virginia Code § 18.2-53.1.

A jury trial was held on May 20, 2003. The jury ultimately found Thomas guilty of both charges. In accordance with the jury's verdict, the Circuit Court sentenced Thomas to a total term of imprisonment of fifteen years.

Thomas appealed the convictions to the Court of Appeals of Virginia.[1] A single judge of the Court of Appeals denied Thomas's petition for appeal on June 4, 2004. The decision was

---

[1] Thomas jointly appealed his convictions with two other convictions in the County of Albemarle. The other convictions arose out of the robbery of a Payless shoe store on April 4, 2002.

subsequently upheld by a three-judge panel. Thomas then filed a petition for appeal in the Supreme Court of Virginia. The petition for appeal was refused on January 11, 2005.

On August 3, 2005, Thomas filed a petition for writ of habeas corpus in the Circuit Court for the County of Albemarle. On July 21, 2006, the state <u>habeas</u> petition was dismissed by the Circuit Court. Thomas appealed the dismissal of the petition to the Supreme Court of Virginia, and on March 6, 2007, the petition for appeal was dismissed for failure to comply with Rule 5:17(c)(4). The Supreme Court subsequently denied Thomas's petition for rehearing.

Thomas filed the instant petition on May 17, 2007. The petition includes the following claims:

1. The trial court erred in not setting aside the jury verdict on the ground that the evidence was insufficient to find Thomas guilty beyond a reasonable doubt.

2. All three trial witnesses for the Commonwealth committed perjury, thereby violating Thomas's constitutional rights.

3. Thomas's trial counsel was ineffective for not objecting to, moving to suppress, or investigating the original identification of Thomas in Richmond.

4. Thomas's trial counsel was ineffective for not objecting to, moving to suppress, or investigating the search warrant.

5. Thomas's trial counsel was ineffective for not objecting to, moving to suppress, or investigating the affidavit accompanying the search warrant.

6. Thomas's trial counsel was ineffective for failing to challenge the falsification of the sweater evidence by the Commonwealth.

7. Thomas's trial counsel was ineffective for failing to challenge the known conspiracy between the Commonwealth and the witnesses.

8. Thomas's trial counsel was ineffective for failing to subpoena certain defense witnesses.

9. The trial court erred in refusing to suppress Thomas's statement to Lieutenant Mike Genau on August 7, 2002.

10. Thomas's statement to Lieutenant Genau did not fall within any hearsay exception.

11. Thomas was unfairly denied an opportunity to challenge the violation of his constitutional rights.

12. The composition of the jury pool violated Thomas's constitutional rights.

On August 9, 2007, the respondent moved to dismiss the petition. Since Thomas has now filed a response to the motion, the petition is ripe for review.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The Supreme Court of the United States has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## Discussion

A.  Claim One

In claim one, Thomas alleges that the evidence was insufficient to support his convictions. Under Virginia law, the crime of robbery "consists of a taking of property with intent to steal from the person or presence of another, against his will, by violence or intimidation." Sutton v. Commonwealth, 324 S.E.2d 665, 670 (Va. 1985). To convict a defendant of violating Virginia Code § 18.2-53.1, "the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery . . . ." Yarborough v. Commonwealth, 441 S.E.2d 342, 344 (Va. 1994).

Thomas previously challenged the sufficiency of the evidence on direct appeal. Upon reviewing the record, the Court of Appeals ultimately held that the Commonwealth's evidence "was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Thomas] was guilty of the . . . robber[y] and the related firearm charge[]." (June 4, 2004 Op. at 5-6). For the following reasons, the court concludes that the Court of Appeals' decision is entitled to deference under 28 U.S.C. § 2254(d).

When reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The

4

court does not weigh the evidence or consider the credibility of witnesses.[2] United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Applying these principles, the court concludes that any rational trier of fact could have found the essential elements of the crimes at issue beyond a reasonable doubt. The evidence at trial revealed that Ann Murray was working as a salesclerk at Super Shoes in Charlottesville, Virginia, when she was robbed on April 19, 2002. (Trial Tr. at 76). Murray testified that Thomas approached her at the counter and demanded money from the store's cash register, while pointing a gun at her from underneath his sweater. (Tr. at 76-77). Although Murray and Donna Diehl, the store manager, were unable to identify Thomas from a photographic lineup (Tr. 163, 180, 181), both women positively identified Thomas at trial. (Tr. at 76, 112). Murray was able to view Thomas at close range during the robbery, and testified that she was "absolutely positive" that Thomas was the man who robbed her. (Tr. at 76). While each of the store witnesses described the robber's sweater differently (Tr. at 86, 106, 115, 171), all of the witnesses positively identified a sweater recovered from Thomas's apartment as the one worn by the robber on the day of the robbery. (Tr. at 82, 103, 113). The witnesses' identifications of the sweater were corroborated by the testimony of Anya Grier, who testified that Thomas was wearing the

---

[2] While Thomas argues to the contrary, it is indeed the Jackson standard that "governs review of claims of insufficient evidence." Schlup v. Delo, 513 U.S. 298, 330 (1995); see also Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007) (explaining that, under § 2254(d)(1), the court must determine "whether a state court determination that the evidence was sufficient to support a conviction was an objectively unreasonable application of [the standard enunciated in] Jackson") (internal quotations and citations omitted). The Carrier standard (Murray v. Carrier, 477 U.S. 478 (1986)), on which Thomas relies to support the proposition that the court may assess the credibility of witnesses, applies only to claims of actual innocence that are used to excuse the procedural default of separate constitutional claims. See Carrier, 477 U.S. at 496.

5

same sweater on May 22, 2002, when he entered the Hanover County convenience store where Grier was working. (Tr. 125-128).

When viewed in the light most favorable to the Commonwealth, the court concludes that the evidence is sufficient to support Thomas's convictions. Based on the aforementioned evidence, any rational trier of fact could have concluded that Murray was robbed by Thomas, and that Thomas displayed a firearm during the commission of the robbery. Accordingly, claim one must be dismissed.[3]

B. Claims Two and Twelve

In claim two, Thomas alleges that all three witnesses for the Commonwealth committed perjury, thereby violating Thomas's constitutional rights. In claim twelve, Thomas alleges that the composition of the jury pool violated his constitutional rights.

Thomas raised the same claims in his state habeas petition. The Circuit Court ruled that the claims were procedurally barred pursuant to Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), because the claims could have been raised at trial or on direct appeal. The United States Court of Appeals for the Fourth Circuit has repeatedly held that the rule set forth in Slayton constitutes an adequate and independent state ground for the denial of federal habeas relief. See

---

[3] In challenging the sufficiency of the evidence to support his convictions, Thomas argues that various identification evidence was unreliable under Neil v. Biggers, 409 U.S. 188 (1972). To the extent claim one could be viewed as containing a separate challenge to the admissibility of the identification evidence, the claim is procedurally defaulted, since Thomas failed to raise the issue on direct appeal as a question presented to the Court of Appeals of Virginia or as an assignment of error to the Supreme Court of Virginia. "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding," Smith v. Murray, 477 U.S. 527, 533 (1986), and the United States Court of Appeals for the Fourth Circuit has held that when state law would clearly bar state habeas review, federal habeas review is also precluded, Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990). Accordingly, because Thomas could have challenged the admissibility of the identification evidence on direct appeal, but he failed to do so, his current claim in this regard is procedurally defaulted.

6

Fitzgerald v. Greene, 150 F.3d 357, 366 (4th Cir. 1998); Fisher v. Angelone, 163 F.3d 835, 853 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Therefore, claims two and twelve may not be reviewed by this court "absent cause and prejudice or a miscarriage of justice to excuse the procedural default."[4] Fisher, 163 F.3d at 853-854. Because Thomas does not maintain that cause and prejudice or a miscarriage of justice exists to excuse his procedural default, claims two and twelve must be dismissed.

C.     Claims Three, Four, Five, Six, Seven, and Eight

In his next six claims, Thomas asserts that his trial counsel's assistance was ineffective for a variety of reasons. Although Thomas raised essentially the same claims in his state habeas petition, and although the claims were dismissed on the merits by the Circuit Court, Thomas's subsequent petition for appeal was dismissed by the Supreme Court of Virginia, for failure to comply with Rule 5:17(c)(4). Rule 5:17(c)(4) of the Rules of the Supreme Court of Virginia requires a petition for appeal to include "[t]he principles of law, the argument, and the authorities relating to each assignment of error."

The Fourth Circuit has previously held that Rule 5:17(c)(4) constitutes an independent and adequate state law ground that precludes federal habeas review. See Mueller v. Angelone, 181 F.3d 557, 585 (4th Cir. 1999). Consequently, claims three through eight are procedurally

---

[4] The court notes that a petitioner may demonstrate cause by showing "that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Carrier, 477 U.S. at 488. "A procedural default also may be excused if the petitioner demonstrates that failure to consider the claim[] will result in a fundamental miscarriage of justice, i.e., that a constitutional violation has probably resulted in the conviction of one who is actually innocent." Reid v. True, 349 F.3d 788, 806 (4th Cir. 2003) (internal quotations and citations omitted). In order to make this showing, a federal habeas petitioner must present "new reliable evidence . . . that was not presented at trial," and the petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 324, 327-328.

7

defaulted and may not be reviewed by this court absent a showing of cause and prejudice or a miscarriage of justice. Because Thomas has failed to make either showing, all six claims must be dismissed.[5]

    D.    <u>Claims Nine and Ten</u>

In his ninth and tenth claims, Thomas alleges that the trial court erred in admitting the statement that he made to Lieutenant Mike Genau at the Richmond City Jail on August 7, 2002, regarding his attempted escape from a deputy employed by the Richmond City Sheriff's Department. The evidence at trial revealed that Thomas attempted to escape from a Richmond hospital on July 30, 2002, while he was in the custody of the Richmond City Sheriff's Department. (Trial Tr. 133-137). Lieutenant Genau testified that he spoke with Thomas on August 7, 2002 regarding the attempted escape, and that Thomas told the lieutenant that he attempted to escape "because of the seriousness of the charges." (Tr. 143).

Thomas raised the same claim on direct appeal. The Court of Appeals of Virginia dismissed the claim as procedurally barred, because the transcript from the relevant motions hearing was not made a part of the record before the Court. The Court of Appeals' decision was upheld by the Supreme Court of Virginia.

As the respondent explains in his brief in support of his motion to dismiss, trial transcripts were filed on November 13, 2003, two days before the deadline established by Rule 5A:8 of the Rules of the Supreme Court of Virginia. <u>See</u> Va. Sup. Ct. R. 5A:8 ("The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court

---

[5] The court notes that even if Thomas's ineffective assistance claims were not procedurally defaulted, they would still be subject to dismissal, since the court is unable to conclude that the Circuit Court's adjudication of the claims was contrary to clearly established federal law or based on an unreasonable determination of the facts. <u>See</u> 28 U.S.C. § 2254(d).

8

within 60 days after entry of the final judgment."). Although the Court of Appeals may extend the deadline for filing transcripts if a written motion is filed within 60 days after entry of the final judgment, Id., Thomas's appellate counsel did not move to extend the time for filing the transcript from the relevant motions hearing until February 20, 2004, more than three months after the 60-day deadline expired. Consequently, the motion for extension of time was denied by the Court of Appeals. The Court of Appeals has established a "firm policy" regarding the filing of transcripts: "'If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. [The Court of Appeals] has no authority to make exceptions to the filing requirements set out in the Rules.'" Smith v. Commonwealth, 531 S.E.2d 11, 14 (Va. App. 2000) (citing Turner v. Commonwealth, 341 S.E.2d 400, 402 (Va. App. 1986)).

A federal habeas court is barred from reviewing a claim when a state court has refused to consider the claim's merits on the basis of an adequate and independent state procedural rule. See Roach v. Angelone, 176 F.3d 210, 221 (4th Cir. 1999). A state procedural rule is "adequate" if it is regularly or consistently applied by the state court, see Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and is "independent" if it does not "depend[] on a federal constitutional ruling," Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

Applying these principles, the court agrees with the respondent that the transcript rule set forth in Rule 5A:8 provides an adequate and independent state law ground for dismissal of claims nine and ten. The Court of Appeals' decisions in Smith and Turner, supra, indicate that the transcript rule is well-established and regularly enforced when transcripts have not been properly filed as part of the record, and Thomas offers no evidence that the Court of Appeals makes exceptions to the rule. See also Cutchin v. Pearson, 2006 U.S. Dist. LEXIS 65991, at *13

9

(W.D. Va. Sept. 15, 2006), appeal dismissed, cert. of appealability denied, 216 Fed. Appx. 377, 378 (4th Cir. Feb. 8, 2007) (finding that the transcript rule set forth in Rule 5A:8 is an independent and adequate state procedural ground for dismissal). Because Thomas has failed to establish cause and prejudice or a miscarriage of justice to excuse his procedural default, claims nine and ten are subject to dismissal.

In any event, the court notes that even if claims nine and ten were not procedurally defaulted, and even if Thomas's statement should have been suppressed, Thomas is still not entitled to federal habeas relief. A federal court may not grant habeas relief on the basis of trial error of a constitutional dimension unless the court is convinced that "the error had a 'substantial and injurious effect or influence in determining the jury's verdict,'" Fullwood v. Lee, 290 F.3d 663, 679 (4th Cir. 2002) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)), or the court is "in 'grave doubt' as to the harmlessness of [the] error," Id. (quoting O'Neal v. McAninch, 513 U.S. 432, 436 (1995)). In this case, the court has no such grave doubt. The statement challenged by Thomas -- that he attempted to escape "because of the seriousness of the charges" (Tr. 143) -- was not the equivalent of a confession or admission of guilt, and thus did not have "the probative sway [that] a confession may carry," Correll v. Thompson, 63 F.3d 1279, 1291 (4th Cir. 1995) (citing Arizona v. Fulminante, 499 U.S. 279, 310 (1991)). Moreover, the evidence against Thomas aside from the statement to Lieutenant Genau was powerful. The robbery victim and the store manager positively identified Thomas as the robber at trial, and all three store witnesses positively identified a sweater recovered from Thomas's apartment as the one worn by the robber on the day of the robbery. Accordingly, the court is convinced that Thomas's statement to Lieutenant Genau had no substantial or injurious effect on the jury's verdict. For these reasons, claims nine and ten must be dismissed.

10

Case 7:07-cv-00248-GEC-mfu Document 19 Filed 02/25/08 Page 10 of 12 Pageid#: 347

E.  Claim Eleven

In claim eleven, Thomas alleges that he was unfairly denied an opportunity to challenge a violation of his constitutional rights, since the Court of Appeals refused to permit him to supplement the transcript on appeal.

To the extent that this claim asserts a violation of Thomas's constitutional rights, the claim is procedurally defaulted. Although Thomas challenged the Court of Appeals' decision on direct appeal to the Supreme Court of Virginia, Thomas did not allege that the Court's refusal to permit him to supplement the transcript rose to the level of a federal constitutional violation. See Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir. 1999) (holding that petitioner's federal constitutional claim was procedurally defaulted, since he only asserted a violation of state law on direct appeal, without asserting that his federal constitutional rights were violated); see also Duncan v. Henry, 513 U.S. 364, 365-366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."). Since Thomas has failed to establish cause and prejudice or a miscarriage of justice to excuse his default, claim eleven is procedurally defaulted to the extent it asserts a violation of Thomas's constitutional rights.

To the extent that claim eleven may be viewed as a mere procedural challenge to the Court of Appeals' application of Rule 5A:8, the claim is not cognizable on federal habeas review. As the Supreme Court of the United States explained in Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Instead, the court "is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the United States." Id. Accordingly, claim eleven must be dismissed.

## Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for respondent.

ENTER: This 25th day of February, 2008.

_____
United States District Judge